Hawkins J.,
delivered the opinion of the Court.
Has the Congress of the United States, the power to lay a tax or duty upon the process of State Courts? *326 is a question which has recently engaged the attention of the Supreme Courts of several of the States of the Union. And the result has been, that some have holdeu, that Congress does not possess the power; whilst others, as we understand, have holden otherwise.
The question is one of vital importance, involving, as it does, a construction of the Constitution of the United States, and a consideration of the rights and powers of the Government of the United States, and of the States composing the Union under the Constitution. A task we would most gladly have avoided, but we cannot do so. Our duties are imperative, and from their performance we dare not shrink.
The 6th article of the Constitution of the United States, contains this provision: “This Constitution, and the laws of the United States which shall be made in pursuance thereof, and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land, and the Judges in every State shall be bound thereby, any thing in the Constitution or laws of any State, to the contrary notwithstanding.”
It is very clear, under the provisions of this section of the Constitution, that, if the Act of Congress, approved June 30th, 1864, by which it is provided, that, “On and after the first day of August, 1864,” there should be levied and paid upon each “writ, or other original process, by which any suit is commenced in any court of ¿record, either in law or equity, the sum of fifty cents,” was “made in pursuance of” the Constitution of the United States, it is valid; and *327 we are bound thereby. Sec. 8 of article 1,. of the Constitution, provides, that, “The Congress shall have power to lay and collect taxes, duties, imposts and excises, to pay the debts, and provide for the common defense, and general welfare of the United States; but all duties, imposts and excises, shall be uniform throughout the United States.”
Then, after an enumeration of other powers conferred upon Congress, the same section further provides, that Congress shall have power “To make all laws which shall be necessary and proper for carrying into execution the foregoing powers, and all other powers vested by this Constitution, in the Government of the United States, or in any department or officer thereof.”
Under this section. Congress has the power “To lay and collect taxes, duties, imposts and excises;” but does it confer the power to lay a tax or duty upon judicial proceedings?
What are taxes, duties, imposts and excises? The word “taxes,” in its most extended sense, includes all contributions imposed by the Government upon individuals, for the services of the Government, by whatever name they are called or known. But in the sense of the Constitution, taxes are divided into two classes — direct, and indirect. Under the former, are, taxes on real property; and under the latter, are, taxes on articles of consumption: 5 Wheat., 317.
Under the Constitution, three kinds of taxes, (to-wit:) duties, imposts, and excises, are to be laid by the rule of uniformity; whilst capitation and other direct *328 taxes are to be laid according to the rule of apportionment. And should there be any species of tax, neither direct or indirect, or included under the heads of duties, imposts or excises, they may be laid by the rule of uniformity, or not, as Congress may see proper. But the word “taxes,” in its more confined or restricted sense, is sometimes applied, in contradistinction, to duties, imposts and excises; and inasmuch as it is inserted in the Constitution in connection with the words, duties, imposts and excises, we think it clear, that in this instance, it is used' in its more confined or restricted sense, and means, taxes which are neither duties, imposts or excises.
The word “duties,” in its most enlarged sense, is nearly equivalent to “taxes,” embracing all impositions or charges levied on persons or things; but in its more restrained sense, it is often used as equivalent to customs or imposts: Story on the Constitution, sec. 949.
The word “imposts,” is sometimes used to signify taxes, or duties, or impositions; but in its more restrained sense, it is used to signify, a duty on imported goods and merchandize.
The word “excises,” signifies an inland imposition, sometimes paid upon the consumption of the commodity, and frequently upon retail sales: See Story on the Constitution, vol. 1, secs. 969 and 950; 1 Black. Com., 318.
Now, giving to each of the words employed in the Constitution, (taxes, duties, imposts and excises,) their more restricted signification, as we believe we are bound to do, from the fact they are most evidently used in *329 contradistinction to each other, it will he found, that a tax or duty upon judicial proceedings, or process, does not fall within either of these clauses. Then, if Congress has the power to lay such a tax, it possesses it, not by virtue of any specific or direct grant, hut as an incident of the sovereignty of the Government of the United States.
The Government not only has the right to tax the people of the United States, and their property; hut it also has the right to tax every object which comes within its jurisdiction; and this right is an incident of, and co-extensive with, its sovereignty.
Now, objects which come within the jurisdiction of the Government of the United States, or over which its sovereignty extends, and, consequently, becomes objects of taxation by that Government, in the exercise of this incidental right of sovereignty, are only such as exist by its own authority, or are introduced by its permission: 4 Wheat., 456.
The Government of the United States is one of limited powers, and possesses only such powers as are either expressly, or by clear implication, delegated to it by the Constitution of the United States, and such as are incidental to the sovereignty conferred upon it. The Constitution of the United States, and the laws of the United States made in pursuance thereof, are the supreme law of the land; and in the exercise of the foregoing powers, the Government is soj^fgígñ'f and possesses ample powers to enforce obe/ien|^ fo «-• its Constitution, and the laws made in |urauance *330 thereof, “anything in the constitutions or laws of any State, to the contrary notwithstanding.”
It is manifest, from the Constitution itself, not only that State Governments did exist at the time of its adoption, but were to continue to exist, with separate and independent powers.
The 10th article of the Amendments to the Constitution, provides, that “The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.”
The word “State,” is used in various senses. In its most enlarged sense, it means the people composing a particular nation or community; and in this sense, “the State,” means the whole people united into one body politic, and “the State,” and “the people of the State,” are equivalent expressions.
But there is a more limited sense in which the word is used, expressive merely of the position or actual organization of the legislative, executive, or judicial powers. The sovereignty of a nation or State, may, in all respects, be absolute and unconditional, except the limitations which it chooses to impose upon itself; but the sovereignty of the Government organized within the State, may be of a very limited nature, extending to few or many objects — unlimited as to some, but restrained as to others. The people composing a State, may divide its sovereign powers among various functionaries, and each, in the limited sense, would be sovereign in respect to the powers confided to each.
*331 “ ‘Sovereignty/ in its largest and most comprehensive sense, means, supreme, absolute, uncontrollable powers — the absolute right to govern:” Story on Con., sec. 208. “It is the union and exercise of all human power possessed in a State — abstractly, it resides in the body of the nation, and belongs to the people; but the powers are generally exercised by delegation
“In our republican form of government, the absolute sovereignty of the nation, is in the people of the nation, and the residuary sovereignty of each State, not granted to any of the public functionaries, is in the people of the State:” Story on Con., sec. 208.
Prior to our Declaration of Independence, the Colonies were not, nor did they pretend to be, sovereign States; but, by the Declaration of Independence, adopted on the 4th of July, IWG, it was solemnly declared, that, “These United Colonies are, and, of right, ought to be, free and independent States. They have full power to levy war, conclude peace, contract alliances, establish commerce, and to do all other acts and things, which independent States may of right do.”
It follows, then, that the people of the States, respectively, possess all the powers of their original unlimited sovereignty, except such as have been delegated by them to the Government of the United States, or are prohibited to the States by the Constitution.
By the Constitution of the United States, the sovereign power of the nation, to-wit, the people, granted a portion of its sovereignty to the Govern *332 ment of the United States, and imposed upon itself restrictions, established courts of record of inferior jurisdiction; and has provided the means, or rather declared the manner, by which every man may enforce the constitutional remedy, for injuries done him in his goods, person, or reputation.
The judicial power of the United States, is limited to sec. 2 of art. 3 of the Constitution; and without the aid of State Courts, parties, generally, would he without remedy for injuries done them. It is not pretended that Congress can confer upon Federal Courts, jurisdiction adequate to the ordinary and reasonable wants of society; Congress cannot establish, regulate, or abolish State Courts; they exist alone by and under the authority of the reserved sovereign power and authority of the people of the State. Both the National and State Governments are now, and have been, ever since the adoption of the Constitution, in the exeicise of all the several powers belonging alone to sovereignty, to-wit, Legislative, Executive, and Judicial. Now, while it is clear, this limited sovereignty exists in the State or the people thereof, it is equally clear that it must be exercised in subordination to the sovereignty of the United States-Inasmuch, then, as the Sfate Courts do not exist by the authority of the Government of the United States, or by its permission, they do not come within its jurisdiction, and are not objects over which its sovereign power extends, except, perhaps, for purposes of protection. Therefore, it does not possess over them, even the incidental power of taxation.
*333 By the application of these principles, we are relieved from clashing sovereignty; from’ a repugnance between a right in one Government to pull down, what is an acknowledged right in another to build up; and the incompatibilities of a right in one government to destroy what there is a right in another to preserve.
In 1816, Congress passed an Act, entitled, “An Act to incorporate the subscribers of the Bank of the United States.” In 1817, the president, directors, and company of the Bank of the United States, incorporated by said Act, established a branch of said bank in Baltimore, in the State of Maryland. In 1818, the General Assembly of Maryland, passed An Act, entitled, “An Act to impose a tax on all Banks, or branches thereof, in the State of Maryland, not chartered by the Legislature.” The bank refused to pay the tax, assuming that the Legislature had no power to levy it. A suit was instituted by the State, to compel the payment of the tax, which found its way into the Supreme Court of the United States. Chief Justice Marshall, in delivering the opinion of the Court, said: “That the power to tax, involves the power to destroy; that the power to destroy, may defeat and render useless the power to create; that there is a plain repugnance in conferring on one Government the power to control the constitutional measures of another, are propositions which cannot be denied:” McCulloch vs. The State of Maryland, 4 Wheat., 456.
The Court being of the opinion, that the Act to incorporate the Bank of the United States, was a law *334 made in pursuance of the Constitution, and was, therefore, a part of the supreme law of the land, held, that the Act of the Legislature, imposing a tas upon the hank, was unconstitutional and void.
The. principle reason assigned by the learned Chief Justice, for so holding, according to our understanding of the opinion, was, that “The hank was an institution of the United States, deriving its existence under the authority of the supreme law of the land; and although the power of taxation in the General and State Governments, was acknowledged to be concurrent, yet, if the State might tax one instrument employed by the Government, in the execution of its powers, it might tax any and every other instrument thus employed — the Mail, the Mint, Patent Eights, the papers of the Custom House, Judicial process, and, in short, all the means employed by the Government, to an excess which would defeat all the aids of Government.”
We are unahle to distinguish, upon principle, between the right of a State to tax an instrument employed by the Government of the United States in the execution of its sovereign powers, and the right of the Government of the United States to tax an instrument employed by the State Government in the execution of its sovereign powers; and do not believe that any such distinction exists. In either case, the right once acknowledged ■ to exist, may be exercised to an extent which will defeat the aids of Government. In the case of its exercise by the United States, it would lead to the overthrow of the State Government, and the absorption of all power “reserved to the States, *335 respectively, or to the people thereof/’ by the Federal Government, and the consequent destruction of the mutual checks and balances, which each have hitherto held upon the other, and were regarded by the founders of our Government as so essential to the preservation of our free republican institutions. While, in case of its exercise by the States, it would lead to the destruction of that Government, which to-day stands as a monument to the wisdom and sagacity of our father^, and challenges the admiration of the civilized world, and was formed, avowedly, “in order to form a more perfect union, to establish justice, insure domestic tranquility, provide for the common defense, promote the general welfare, and to secure the blessings of liberty to ourselves and our posterity/’ and instead of presenting the sublime spectacle of UE pluribus unum,” moving on in harmony along the highway to national greatness and individual happiness, we would present the sad spectacle of a people shorn of our strength, torn by dissensions when sure of greatness, had gone down to rise no more. Neither was intended by the American people. It was intended each Government should move on independently within the prescribed limits of its own orbit, the General Government being clothed with certain delegated specified powers, for certain specified purposes; and the State Governments acknowledging the supremacy of the General Government over all matters coming within the range of its sovereign jurisdiction, and exercising sovereign power over all matters which come within their jurisdiction, the jurisdic- *336 lion of which was not conferred upon the General Government.
If Congress can tas the judicial process of the State Courts, made indispensable by the legislation of the State, for the enforcement of the rights of her citizens and the punishment of crimes, it has the right to defeat or destroy this essential element of sovereignty in the State, although it is not directly levied upon the power, or the act of esercising the power, itself.
We are unable to distinguish between levying a tax upon the exercise of the power itself, and in levying it upon all those who may seek to enforce their rights or redress their grievances, through the instrumentality of the power, or upon the means employed to that end. In either case, the effect is the same, and must paralyze or totally destroy the efficiency of this branch of the sovereign power of the people of the State. That which cannot be done directly, may be done indirectly.
Now, it is true, that the General Government is charged with certain duties towards the States, or the people. The Constitution declares: “The United States shall guarantee to every State in this Union, a republican form of Government, and shall protect each of them against invasions, and on application of the Legislature, or of the Executive, (when the Legislature cannot be convened,) against domestic violence.” This provision was intended for the protection and preservation of the States, instead of a means of their destruction; and the General Government can no more *337 absolve itself from these obligations to the people of the States, than the people of the States may absolve themselves from their allegiance and obligation to the General Government. But we are told, that, although these views may accord with the views of eminent jurists in the earlier days of our Republic, yet a new theory has dawned upon the country. We prefer to follow the landmarks set up by those who have gone before us; believing, as we do, they are firmly implanted in a true interpretation of our Constitution, and having an unshaken faith, they will lead us in harmony along the highway of nations, to a haven of safety and repose, rather than to follow that which may prove to be a vagary — an ignis fatuus, which may lead us into conflicts, in which the peace and harmony of our system of separate Governments, must be broken up, resulting in anarchy and blood.
We very much regret that the judgment of the Supreme Court of the United States, whose province it is to expound the Constitution and laws of the United States, has not been had upon this question. But we are of the opinion, the judgment of the Circuit Court, in quashing the writ in this cause, because the tax had not been paid thereon, in compliance with the Act of Congress, is erroneous.
The judgment will be reversed, and the cause remanded.